GORBATY, Judge.
Lin this appeal, Frances Rousselle argues that the trial judge erred in granting the defendant’s motion for summary judgment and dismissing his age discrimination lawsuit. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

Rousselle was hired as a production draftsman at Ocean Drilling and Exploration Company (“ODECO”) in 1981. While employed with ODECO, Rousselle was the only draftsman in the production department. During 1991, Murphy Exploration & Production Company (“Murphy”) acquired ODECO, and Rousselle began working for Murphy. Shortly before this • transition, Carroll Hebert was hired as a draftsman to work in the production department. Hebert previously worked for Chevron Oil performing the same functions for which Rousselle was responsible at ODECO, including piping and mapping platforms, and he had substantial experience in AutoCAD *473 computer generated work at the time of his hire by Murphy.
In early 1999, Murphy determined that a reduction in force (“RIF”) was necessary. The RIF would involve a voluntary retirement program followed by involuntary RIF terminations. Vay Carboni, Vice President of Production, was ^instructed to reduce his staff to the minimum number necessary to maintain current operations. At the time Carboni chose employees for the RIF, he believed, based upon Murphy’s prior RIFs, that a retirement package would be offered to employees over 50. However, Carboni considered Rousselle for termination before he was told about the retirement package, because he determined that two draftsmen would not be necessary to maintain current operations in his department.
Ultimately, Rousselle, age 52, was terminated. Rousselle filed suit under the Louisiana Age Discrimination in Employment Act (“LADEA”), La. R.S. 23:311 et seq., claiming that Murphy illegally used age as a determinative influence in its decision-making process. Murphy filed a motion for summary judgment, which was granted. Rousselle’s Motion for New Trial was denied. Rousselle subsequently filed this appeal.

DISCUSSION

Summary judgments are reviewed de novo, under the same criteria that govern a trial court’s consideration of whether summary judgment is appropriate. Goins v. Wal-Mart Stores, Inc., 2001-1136 (La.11/28/01), 800 So.2d 783.
Rousselle asserts three assignments of error. First, the trial court erred in concluding that no question of material fact existed as to whether age was a motivating factor in Murphy’s decision to terminate Rousselle. Next, the trial court erred in making a judicial determination of subjective facts, such as motive, intent, good faith, or knowledge. Finally, Rousselle argues that the trial court erred in concluding that no question of material fact existed as to pretext. These assignments of error will be addressed together.
LADEA, similar to the federal Age Discrimination in Employment Act (“ADEA”), provides in pertinent part:
| ¾A- It is unlawful for an employer to engage in any of the following practices:
(1) Fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment because of the individual’s age.
The elements of a prima facie case of age discrimination may vary depending upon the facts of a particular case. In a reduction-in-force case, the plaintiff, in order to establish a prima facie case and create a presumption of intentional discrimination, must (1) show that he is a member of the protected class, ie. over forty years of age, and that he has been discharged, demoted, or otherwise adversely affected by the employer’s decision; (2) show that he was qualified to assume another position at the time of the adverse employment action; and (3) produce “evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.” Williams v. General Motors Corp., 656 F.2d 120, 129 (5 Cir.1981), cert. den’d, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982).
Once the employee has established his prima facie case, the defendant can rebut the presumption of intentional discrimination by offering “some legitimate, nondiscriminatory reason” for his action. Texas Department of Community Affairs *474 v. Burdine, 450 U.S. 248, 253-54, 101 S.Ct. 1089, 1093-94, 67 L.Ed.2d 207.
Carboni stated that he tried to find another draftsman position for Rousselle, but there simply were no openings to meet Rousselle’s qualifications. Carboni’s department employed two people in the position of draftsman. The RIF required the elimination of one of those positions. Car-boni inquired if the Geological Department, the other department that utilized draftsmen, could employ Rousselle, but there was no opening for a draftsman there. Thus, at the time Rousselle was terminated, there were no other available positions in the company for which he |4was qualified. Rousselle did not present any evidence refuting Carboni’s testimony on this issue, and he has never identified any positions that he was qualified to assume. As such, Rousselle cannot prove the second element of his case against Murphy, and his prima facie case fails.
Additionally, Rousselle failed to present any evidence, circumstantial or direct, that showed Murphy intended to discriminate against him when it terminated his employment. This final factor requires a plaintiff to produce some evidence that an employer has not treated age neutrally, but has discriminated based upon it. Williams, supra., 656 F.2d at 129-30. To satisfy this factor, the evidence must show that the defendant consciously refused to consider retaining or relocating the plaintiff because of his age, or that the defendant regarded age as a negative factor in such consideration. Id. at 130.
Rousselle presented no such evidence. Carboni testified that in making his decision, he relied on the annual pay raise recommendations and ratings of Rousselle and Hebert made by their direct supervisor, Tony Murkowski, and the conversations he had with Murkowski concerning the two over the years. • Based upon this information, Carboni understood that Hebert was a better performing employee than Rousselle and was better equipped for the draftsman job. Knowing that his department would keep but one draftsman, Carboni retained Hebert, who, at age forty-one, was himself in the protected age group, and terminated Rousselle.
Rousselle claims that Carboni used age-related criteria because he created a list segregating employees. The evidence showed that Carboni had a list of employees in his department that noted who was over age fifty, as well as who was female and who was a minority. Carboni stated that the list was to determine the | ¡¡effects of potential cutbacks in connection with the RIF and to consider which employees might leave if early retirement packages were offered.
In Roberson v. Alltel Information Services, 373 F.3d 647 (5th Cir.2004), the court granted summary judgment, finding that the decision maker’s RIF list was based upon objective criteria and not upon plaintiffs race, gender, or age. The court further determined that the plaintiff failed to offer any evidence that the ultimate decision maker relied upon impermissible criteria when creating the list. Similarly, in Whitt v. Lockheed Martin Utility Services, Inc., 209 F.Supp.2d 787 (S.D.Ohio 2002), the court held that a list of employees containing information about employees’ age, race, and gender was not evidence of age discrimination. Nor was the existence of a column labeled “pension status” sufficient to create a genuine issue of material fact concerning whether the employer intentionally discriminated against the plaintiff because of his age.
In the case at bar, Carboni’s list provided him with an opportunity to evaluate how his department would appear after the cutbacks. The majority of Carboni’s *475 work force, like the majority of Murphy’s work force, was in the protected age group. If the anticipated early retirement program for those over 50 was implemented as in the past, this could impact his available work force and was, as he testified, simply a piece of information he noted. The only person over fifty terminated was Rousselle. In fact, Carboni retained fifty-three year old Patricia Rousselle and laid off twenty-four year old Jodi Canadas. Plaintiff has not refuted Carboni’s testimony as to the purpose of the list, and he has failed to prove pretext. Rousselle has proffered no evidence other than his subjective beliefs, and he has failed to show that the actual reason for his termination was discriminatory. He has failed to establish a prima facie case of intentional discrimination. As such, |fiwe find that no genuine issue of material fact exists, and hold that the motion for summary judgment was properly granted.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.